UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RICK HAEMERLE, | Case No. 2:15-CV-1245 JCM (CWH) |
| Plaintiff(s), | ORDER |
| v. | |
| YRC, INC. et al., | |
| Defendant(s). | |

Presently before the court is plaintiff Rick Haemerle's motion for district judge to reconsider a magistrate judge's order. (Doc. 17). Mr. Haemerle objects to Magistrate Judge Hoffman's order dated July 13, 2015. (Doc. #13).

On or about April 17, 2013, in the United States District Court for the Northern District of Texas, the plaintiff judgment creditor obtained a favorable judgment in the amount of $299,375.00 in damages, with .12% per annum interest from date of judgment until paid, against the defendant judgment debtor, All States Shipping LLC. (Doc. #2 at 2). Plaintiff sought domestication of the foreign judgment in this court by filing a clerk's certification of a judgment to be registered in another district. (*Id.* at 1). Plaintiff then filed an affidavit and request for issuance of writ of execution with this court. (Doc. #4).

This court issued a writ of execution in favor of the judgment creditor against the judgment debtor, All States Shipping, LLC. (Doc. #5 at 3-4). The plaintiff filed an *ex parte* motion for an order allowing examination of judgment debtor, All States Shipping LLC. (Doc. #9). The court issued an order denying the *ex parte* motion for an examination of judgment debtor without prejudice. (Doc. #13).

The present motion to reconsider asserts that "plaintiff correctly registered the judgment pursuant to federal law under 28 U.S.C. § 1963 and has fully complied with state law in execution on the judgment." (Doc. #17 at 3). The motion requests reconsideration of Magistrate Judge

**James C. Mahan**
**U.S. District Judge**

Hoffman's order (doc. #13) because plaintiff contends that "Fed. R. Civ. P. 69 requires compliance with a state's execution laws, not its domestication laws. [Thus, plaintiff argues, h]aving complied with those laws, the magistrate's order should be overturned and an order authorizing a judgment debtor exam [should] be issued." (Doc. #17 at 10-11). This court must now determine whether Magistrate Judge Hoffman's finding that plaintiff failed to comply with Nevada law applicable to executing the foreign judgment is correct.

When reviewing the magistrate judge's order, this court determines whether it is clearly erroneous or contrary to law. *See* FED. R. CIV. P. 72(a); Local Rule IB 3-1. The magistrate judge's order is "clearly erroneous" if this court is left with "a definite and firm conviction that a mistake has been committed." *See United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Burdick v. Comm'r IRS*, 979 F.2d 1369, 1370 (9th Cir. 1992).

Magistrate Judge Hoffman denied plaintiff's *ex parte* motion on the basis that "plaintiff fail[ed] to satisfy all applicable procedural requirements in executing on the registered judgment, as outlined in *Kabana, Inc. v. Best Opal, Inc.,* No. 20:06CV00806-BES-GWF, 2007 WL 556958 (D. Nev. Feb. 15, 2007) ["*Kabana*"]." (Doc. #13 at 1). The court in *Kabana* states that "28 U.S.C. § 1963 affords the federal district court the power to register the foreign judgment in question. The execution proceedings are controlled by Rule 69 of the Federal Rules of Civil Procedure." *Kabana, Inc. v. Best Opal, Inc.,* No. 20:06CV00806-BES-GWF, 2007 WL 556958 (D. Nev. Feb. 15, 2007) at *2. The applicable portion of Rule 69 states: "[t]he procedure on execution, and proceedings supplementary to and in aid of the judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held ..." *Id.* (citing FED .R. CIV. P. 69(a)).

The *Kabana* court determined that the "interpretation of the interaction between state and federal requirements in execution proceedings under rule 69 is consistent with case law from this Circuit, which holds that the provisions of the federal rules were applicable only where the state rules asserted in those cases were general provisions, not specific provisions concerning enforcement of judgments." *Id.* at *3 (citing *Hilao v. Estate of Marcos*, 95 F.3d 848, 853 (9th Cir. 1996) (internally citing *Rumsey v. George E. Failing Co.,* 333 F.2d 960, 962 (10th Cir. 1964)).

Consequently, the court found that "once Kabana's judgment was registered in Nevada pursuant to 28 U.S.C. § 1963, the execution proceedings are then governed by Nevada law." *Id.* at *3. The same is true here. Under Nevada law, a plaintiff executing a foreign judgment must, upon

James C. Mahan
U.S. District Judge

- 2 -

filing of the foreign judgment, file an affidavit "setting forth the name and last known post office address of the judgment debtor and the judgment creditor. The affidavit must also include a statement that the foreign judgment is valid and enforceable, and the extent to which it has been satisfied." N.R.S. § 17.360(1). Furthermore, the judgment creditor "shall mail notice of the filing of the judgment and affidavit, attaching a copy of each to the notice, to the judgment debtor and to the judgment debtor's attorney of record, if any, each at his or her last known address by certified mail, return receipt requested." N.R.S. § 17.360(2). The plaintiff must then "file with the clerk of the court an affidavit setting forth setting forth the date upon which the notice was mailed." *Id.*

Here, plaintiff had not complied with the notice requirements under N.R.S. § 17.360 at the time he filed his motion. Magistrate Judge Hoffman's order was therefore not contrary to the law.[1] The court finds that no mistake was committed, and the motion to reconsider Judge Hoffman's order will be denied.

Accordingly,

IT IS HEREBY ORDERED, ADJUGED, AND DECREED that plaintiff Rick Haemerle's motion for district judge to reconsider a magistrate judge's order (doc. # 17) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that plaintiff Rick Haemerle's request for an order authorizing a judgment debtor exam (doc. #17 at 10-11) be, and the same hereby is, DENIED.

DATED February 5, 2016.

_____
UNITED STATES DISTRICT JUDGE

---

[1] The plaintiff appears to have realized his mistake and attempted to cure the notice requirements after the filing of this motion to reconsider. Plaintiff filed affidavits and declarations regarding the notice requirements (doc. ##18—21) and then refiled the motion for judgment debtor exam. (Doc. #22). Magistrate Judge Hoffman denied the motion without prejudice because this motion was pending. (Doc. #24). Plaintiff may now refile that motion.

**James C. Mahan**
**U.S. District Judge**

- 3 -